O’NIELL, C. J.
 

 The. defendant has appealed from a judgment confirming a tax title. In defense of the suit she contended, first, that the property belonged to the children of Placide Mhreelin, deceased, whose succession she was administering as executrix; second, that there was no notice of delinquency given to the owners of the property, or to the succession representative ; and, third, that the property was not sufficiently described in the advertisement or in the tax sale to identify it.
 

 The tax sale was made in 1924, for the city taxes of 1923, assessed in the name of Placide Marcelin. He had died in 1922, leaving four minor children, of whom the defendant, Felicie Villavaso, is the mother, and leaving a will, in which he undertook to bequeath his estate to his children, and appointed Felicie Villavaso executrix. The brothers and sister of the deceased, Placide Marcelin, claimed his estate, as his nearest legitimate relations, and were judicially so recognized; and, on the 1st day of June, 1923, after the assessment rolls for that year had been completed, they sold their interest in the estate, including the property in contest, to Felicie Villavaso. The notice of delinquency of the taxes of that year was served upon her personally, at her residence, which had been also
 
 *920
 
 the residence of Placide Marcelin. In the return made by the officer who served the notice, the party on whom it was served was called Mrs. Placide Marcelin; b.ut the fact appears in the record that the individual on whom the notice was served was known as well by the name of Mrs. Placide Marcelin as by the name of Pelicie Villavaso. As she was then the owner of the property, by virtue of the deed from the heirs at law of Placide Marcelin, the notice of delinquency of the taxes should have been served upon her. We find, therefore, that the property was properly assessed in the name of the party appearing on the conveyance records to be its owner, and that the notice of delinquency was properly served upon the party who actually owned the property at the time of the service and at the time of the tax sale.
 

 We find also that the property was described in the tax sale by reference to the lot number, and by giving its dimensions, the name of the street on which it fronts, and the names of the three other streets forming the boundaries of the square. The description is substantially the same as in the inventory of the estate of Placide Marcelin, and in the deed from his heirs to Pelicie Villavaso, except that in the latter instruments the number, of the lot is given as No. 6 and in the tax deed it is No. 3.' The record shows, however, that Placide Marcelin owned only one lot in that square, and that it fronts on the street named in the tax deed. There can be no doubt, therefore, about the identity of the lot described in the tax sale. The description in a tax deed may be incomplete or inaccurate and yet be sufficient to make the deed valid if it leaves no doubt about- the identity of the property sold. Baldwin Lumber Co. v. Dalferes, 138 La. 507, 70 So. 493; Veith v. Villavaso, 170 La. 927, 129 So. 532.
 

 The judgment is affirmed.